DECISION
{¶ 1} Plaintiff-appellant, Laura Finch, appeals from a decision of the Franklin County Municipal Court granting summary judgment in favor of defendant-appellee, Kailey Auto Sales, Inc. ("Kailey"). Kailey has appealed from the trial court's subsequent denial of a motion for sanctions.
 {¶ 2} The matter arises out of a "hold policy" executed between the parties in furtherance of Finch's proposed purchase of a vehicle. In July 2002, Finch pursued the purchase of an aquamarine 1998 Audi A4 from the Kailey lot. Her initial attempts to purchase the vehicle were frustrated by credit rejections from potential lenders. On August 27, 2002, Finch returned to the lot and, dealing with a new salesman, entered into the hold policy agreement and furnished a $1,000 deposit. The hold policy provided that Kailey would deliver a "98 Audi A4/or equivalent to" for purchase by Finch, and that in the event of non-performance by Finch she would forfeit her deposit. Although Finch knew at the time she executed the hold policy that the Audi in question was not on the lot, she believed, based on statements made by dealership personnel, that a friend of the dealership owner was currently driving the vehicle and it might still be available for sale. The following day, Kailey's owner, Blagoj Stanisovski, contacted Finch and informed her that the vehicle had been sold to another dealership prior to execution of the hold policy. He assured her that Kailey would refund the $1,000 deposit. On August 30, 2002, Finch sent an e-mail to the salesman with whom she had executed the hold policy, requesting the phone number of the dealership that now held the car, stating that her husband would be in that day to pick up the $1,000 deposit refund, and asking to be notified if the dealership could find another Audi A4 in the exact same aquamarine color, which was a very rare one. The deposit was refunded as promised, and no Audi A4 of any description was sold to Finch.
 {¶ 3} Finch initiated the action with a complaint alleging that:
Plaintiff and Defendant entered into a contract whereby Defendant agreed to hold a unique automobile which was a 1998 aquamarine Audi A-4 for a period of three (3) days under a hold policy which required Plaintiff to deposit One Thousand Dollars ($1,000.00) down and perform on the contract or lose the One Thousand Dollars ($1,000.00) if she did not perform."
The complaint alleged that Kailey had breached the contract by transferring the car to a third-party, and that Finch had suffered various damages from arranging financing for the prospective purchase, car rental fees, and other expenses.
 {¶ 4} Finch initially obtained a default judgment against Kailey, but Kailey moved for and obtained relief from judgment, pursuant to Civ.R. 60(B), based upon failure of proper service of the complaint. Kailey then filed an answer which included a counterclaim asserting that the lawsuit was frivolous because Finch knew when she entered into the hold policy that she could not, for lack of financial ability, obtain a loan or otherwise fulfill her intention of purchasing the Audi, and that Kailey should accordingly be awarded costs and fees incurred in defending the complaint.
 {¶ 5} During the course of discovery, Kailey received from Finch copies of the original hold policy in which the term "98 Audi A4/or equivalent to" had been altered by whiting out the portion referring to an equivalent vehicle, making the agreement appear to be specific to the 1998 Audi A4 that had originally attracted her interest. In her deposition testimony, Finch acknowledged that she had, after executing the hold policy, intentionally altered the agreement and forwarded the altered documents in response to discovery requests.
 {¶ 6} Kailey moved for summary judgment on a variety of grounds, including that the language of the complaint, which reflected a purported obligation by Kailey to furnish a specific vehicle under the hold policy, did not reflect the actual hold policy, which contemplated an equivalent vehicle as an alternative. The trial court denied Finch's motion to amend the complaint to reflect the actual language of the hold policy, and granted summary judgment for Kailey. Kailey then dismissed its counterclaim, substituting a motion for sanctions for post-judgment consideration by the court. Finch timely appealed from the trial court's grant of summary judgment in favor of Kailey, and Kailey has timely appealed from the trial court's subsequent denial of the motion for fees and costs. The two appeals have been consolidated and are presently before this court for consideration.
 {¶ 7} Finch brings the following assignment of error:
The Trial Court erred to the prejudice of Plaintiff-Appellant by granting Defendant-Appellee's Motion for Summary Judgment and by denying Plaintiff-Appellant's Motion for Summary Judgment as to liability only.
(Emphasis sic.)
 {¶ 8} Kailey brings the following assignments of error on appeal:
I. The trial court erred when it failed to consider plaintiff-appellee's frivolous conduct.
II. The trial court erred when it found defendant-appellant did not timely file its motion for sanctions pursuant to R.C. § 2323.51.
III. The trial court erred when it found plaintiff-appellee's counsel did not engage in frivolous conduct as defined in R.C. § 2323.51.
IV. The trial court erred when it found plaintiff-appellee's counsel did not violate Rule 11 of the Ohio Rules of the Civil Procedure.
V. The trial court erred when it failed to review appellant[']s motion for contempt.
VI. The trial court erred when it failed to grant a hearing based upon R.C. § 2323.51(B)(2)(a).
 {¶ 9} With respect to Finch's assignment of error, we note that the matter was decided by the trial court on summary judgment, which, under Civ.R. 56(C), may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v.Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
 {¶ 10} An appellate court's review of summary judgment is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Bard v. Society Nat. Bank, nka KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445. As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. Bard.
 {¶ 11} Finch has not argued on appeal or assigned as error the trial court's failure to allow the amendment of the complaint. The question before us is whether, on the state of the pleadings, deposition testimony, and documentary evidence, there remained a genuine issue of material fact on the allegations stated in the complaint. We find that there did not. The complaint alleges that Kailey entered into a contract for a unique automobile, and failed to deliver that automobile. After Finch's admission that she altered the document, it became apparent that Kailey did not enter into a contract for a unique automobile, but entered into a contract for the 1998 Audi A4, or an equivalent vehicle thereto. The parties do not, of course, give the same interpretation to this last expression, and, in fact, if there was ever a question to be resolved by a trier of fact, it would be the question of when one automobile is equivalent to another, but we do not reach that question in this case because of the language in the complaint. Finch cannot show that Kailey entered into a contract for a unique vehicle because that is not the contract she entered into. Whether Kailey failed to deliver the Audi and then failed to furnish a comparable substitute might present a genuine issue of material fact on the state of the evidence before us, but that is not what was alleged in the complaint. Summary judgment was accordingly appropriate in this case.[1]
 {¶ 12} Appellant Finch's assignment of error is accordingly overruled, and the judgment of the Franklin County Municipal Court granting summary judgment to Kailey is affirmed.
 {¶ 13} All of Kailey's assignments of error present related issues, and they will accordingly be discussed together. Kailey sought sanctions both from Finch and her counsel pursuant to R.C. 2323.51 and Civ.R. 11. R.C. 2323.51(B)(1) provides that the court "may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct." Civ.R. 11 states that:
Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *. A party who is not represented by an attorney shall sign the pleading, motion, or other document * * *. [T]he signature of an attorney or prose party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * * For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.
 {¶ 14} A decision to impose sanctions, pursuant to R.C. 2323.51, rests within the sound discretion of the trial court and will not be reversed upon appeal absent an abuse of discretion. Riley v. Langer (1994),95 Ohio App.3d 151, 159. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Even in instances where a trial court does find the existence of frivolous conduct, the decision to assess or not assess a penalty lies within the sound discretion of the trial court. Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 52; Sainv. Roo (Oct. 23, 2001), Franklin App. No. 01AP-360. Through use of the term "may," the explicit language of R.C. 2323.51(B)(1) explicitly vests the trial court with this discretion. Where a trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing. Justice v. Lutheran Social Serv. of Cent. Ohio
(1992), 79 Ohio App.3d 439, 444.
 {¶ 15} Similarly, the standard of review on the decision to award or not award sanctions, pursuant to Civ.R. 11, is whether the trial court abused its discretion. Kemp, Schaeffer Rowe Co., L.P.A. v. Frecker
(1990), 70 Ohio App.3d 493. The court has corresponding latitude in furthering the administration of justice by the extent of the sanction imposed. Id. at 497.
 {¶ 16} It is apparent from the record before us that Kailey's primary allegation of frivolousness is based upon Finch's alleged inability to ever complete the transaction for the Audi at all, and that it is thus frivolous for Finch to attempt to enforce that purported contractual right through litigation. At the summary judgment stage, it is difficult to ascertain whether Finch would have been able to go through with the transaction had the car of her choice still been available; the parties have, of course, presented markedly different evidence in this respect. What can conclusively be ascertained, however, through the admissions of Kailey's representatives by deposition testimony or affidavit, is that at the time a Kailey salesman, duly cloaked in apparent authority, entered into a contract for sale of the Audi to Finch and accepted anonrefundable deposit of $1,000 guaranteeing Finch's performance thereunder, the vehicle was in fact no longer available for sale. We emphasize the nonrefundable nature of the deposit because this term was inescapably certain to compel a change in financial position on Finch's part in reliance upon her need to fulfill the contract. Kailey also freely admits that, rather than attempt to furnish an "equivalent vehicle" (whether or not that term could have been defined to both parties' satisfaction), Kailey chose to refund the deposit to Finch. Whatever may subsequently have occurred by way of alteration of evidence, and whatever might ultimately be proven as to Finch's ability or inability to actually purchase the vehicle, it is difficult to find an abuse of discretion in the trial court's determination that sanctions were not warranted in an instance in which the auto dealer defendant unambiguously admits having entered into a contract that it was unable or unwilling to fulfill. We simply cannot say that the trial court's determination on the question of sanctions, whether sought under R.C. 2323.51 or Civ.R. 11, represented an abuse of discretion in pursuit of the administration of substantial justice in the proceedings before it. Kailey's seven assignments of error are accordingly without merit and are overruled, and the judgment of the Franklin County Municipal Court denying Kailey's motion for fees and costs is affirmed.
 {¶ 17} In summary, the sole assignment of error by Laura Finch is overruled. The seven assignments of error brought by Kailey Auto Sales, Inc., are also overruled. The judgments of the Franklin County Municipal Court are affirmed in all respects.
Judgments affirmed.
Sadler and French, JJ., concur.
[1] Moreover, while as stated above the issue has not been raised as error, we would find no error in the trial court's refusal to allow amendment of the complaint. This was an appropriately measured response to a plaintiff's introduction of altered documents fundamental to the allegations in the complaint. Obviously, the correct course for the plaintiff was from the outset to make the allegations of the complaint conform to the underlying contract, not alter the contract to conform to her claim.