I respectfully dissent from the majority's conclusion that this case must be remanded to the trial court for a hearing, for the following reasons.
The majority concludes that, because the filing of third complaint is barred by Civ. R. 41(A), appellee's conduct was, per se, "frivolous." Such a conclusion is supported by Ohio law. See Sain v. Roo, 10th Dist. No. 01AP-360, 2001-Ohio-4115 (The refiling of a claim "that was or could have been brought in a previous action despite the long-standing doctrine ofres judicata meets the definition of `frivolous conduct' in R.C. 2323.51(A)(2)(a)(ii).") However, the majority goes on to assume that, because appellee's conduct may have been "frivolous" pursuant to R.C. 2323.51(A)(2)(a)(ii), "the trial court is required to hold a hearing to determine whether or not appellants are entitled to monetary sanctions." (Emphases added.). Such an assumption is incorrect.
Ohio courts have held, even in instances where frivolous conductexists, "the decision to assess or not assess a penalty lies with the sound discretion of the trial court." Finch v. Kailey Auto Sales, Inc.,
10th Dist. Nos. 04AP-371, 04AP-512, 2005-Ohio-1944, at ¶ 14, citingWiltberger v. Davis (1996), 110 Ohio App.3d 46, 52; Sain v. Roo,
supra. It is well-established, "[w]here a trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing." Finch, supra, citing Justice v. Lutheran SocialServ. of Cent. Ohio (1992), 79 Ohio App.3d 439, 444. (Emphases added.). The use of the word "may" in R.C. 2323.51(B) explicitly vests the trial court with discretion to impose or not impose sanctions for "frivolous" conduct. Id.
When a decision rests within the trial court's sound discretion, itwill not be overturned on appeal absent a finding of abuse of discretion. Riley v. Langer (1994), 95 Ohio App.3d 151, 159, overruled on other grounds, Riston v. Butler, 149 Ohio App.3d 390, 398,2002-Ohio-2308. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring us to find the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the judgment entry on appeal, the trial court stated it was "very familiar with the facts and circumstances of this case and therefore, * * * has sufficient knowledge to proceed with its determination of [appellants'] motion for fees and costs without a hearing based on the fact that a hearing would be perfunctory, meaningless, or redundant." Ultimately, the trial court concluded appellees were not entitled to monetary sanctions, a conclusion the majority apparently would affirm, but for appellees' "frivolous" filing of the third complaint.
Based on a review of the record and the law set forth above, I believe the trial court's denial of appellees' motion for sanctions pursuant to R.C. 2323.51(A)(2)(a)(ii) amounts to harmless error, particularly since the trial court was not required to hold a hearing even if it found theexistence of frivolous conduct. The trial court should not be required to hold a meaningless, superfluous hearing. I would find no abuse of discretion and affirm the trial court's judgment.