DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court, in which the trial court denied a motion for relief from judgment filed by appellant, Michelle Shoemake, in an eviction case. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The relevant, undisputed facts are as follows. On June 26, 2006, appellee, Vistula Management Company, served appellant with a "Notice to Leave Premises and *Page 2 
Termination of Lease" ("Notice"). In the Notice, appellee stated that appellant had not timely paid rent for her apartment, located at 961 Dorr Street in Toledo, Ohio, during the months of April, May and June 2006. On August 25, 2006, appellee filed a complaint in Toledo Municipal Court, in which it asked the trial court to restore possession of the apartment to appellee. Appellant filed an answer on October 26, 2006.
 {¶ 3} The matter was heard by a magistrate on October 26, 2006. On March 9, 2007, the magistrate issued a decision in which he found that appellant was in default for non-payment of rent, and granted judgment to appellee for possession of the premises. The decision further stated that a writ of restitution would be issued "at Plaintiffs [appellee's] request." The magistrate's decision was adopted by the trial court on March 15, 2007.
 {¶ 4} On March 20, 2007, appellant filed objections to the magistrate's decision, and asked the trial court to stay execution of the judgment pending a ruling on her objections. That same day, the trial court issued an order which stated, in relevant part:
 {¶ 5} "ORDERED, that the Judgment entered on March 15, 2007, and Writ of Restitution be vacated pending the Court's final disposition on the objections herein * * *."
 {¶ 6} On March 30, 2007, without reinstating the judgment, the trial court issued a writ which stated that appellee was entitled to restitution of the premises. However, that same day, appellee filed a notice of voluntary dismissal, in which appellee stated that appellant vacated the apartment on or before March 29, 2007. *Page 3 
 {¶ 7} On April 12, 2007, the trial court issued a "Notification" in which it stated that appellant's objections to the magistrate's decision had become moot, since appellee "dismissed the within action on 3/30/07 without objection." On April 13, 2007, appellant filed a response in opposition, in which she stated that the voluntary dismissal was "a nullity." On April 20, 2007, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), in which she asked the trial court to reinstate the case and rule on her objections to the magistrate's decision.
 {¶ 8} On May 10, 2007, appellee filed a "Motion to dismiss action on grounds of mootness," and a memorandum in opposition to appellant's Civ.R. 60(B) motion. On May 18, 2007, the trial court denied appellant's Civ.R. 60(B) motion, because "[t]he Court no longer has jurisdiction due to the fact that the defendant has vacated the property." Appellant filed a timely notice of appeal on June 18, 2007.
 {¶ 9} On appeal, appellant sets forth the following assignment of error:
 {¶ 10} "The trial court erred in denying relief from the order to dismiss because the dismissal did not comply with Civ.R. 41(A)(1) or (A)(2). * * *"
 {¶ 11} Appellant asserts in her assignment of error that the trial court erred by denying her Civ.R. 60(B) motion for relief from judgment. In support, appellant argues that the trial court abused its discretion by dismissing the case because the notice of dismissal was not filed before trial, and she did not consent to the dismissal. Appellant further argues that she will suffer "plain prejudice" if the court's dismissal of the eviction action is not reversed, because the underlying "judgment" against her was never vacated.
 {¶ 12} Civ.R. 60(B) states, in relevant part: *Page 4 
 {¶ 13} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief form the judgment * * *."
 {¶ 14} To prevail on a motion pursuant to Civ.R. 60(B), a movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTE Automatic Elec, Inc.v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 150-151. The timeliness of appellant's Civ.R. 60(B) motion is not at issue in this case. Accordingly, we must determine whether she is entitled to the requested relief.
 {¶ 15} The dismissal of an action by the plaintiff is governed by Civ.R. 41(A). Specifically, pursuant to Civ.R. 41(A)(1)(a), "a plaintiff may dismiss an action without order of the court by filing a notice of dismissal at any time before commencement of trial * * *." Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 126. An action can also be dismissed with the consent of all parties thereto. Civ.R. 41(A)(1)(b). Absent the conditions set forth in Civ.R. 41(A)(1), "a claim shall not be dismissed at the plaintiffs instance except upon order of the court and upon such terms and conditions as the court deems proper. * * *" Civ.R. 41(A)(2). *Page 5 
 {¶ 16} A review of the record shows that the conditions necessary for a dismissal pursuant to either Civ.R. 41(A)(1)(a) or (b) were not met in this case, since the notice was filed after the magistrate's hearing was held, and it is undisputed that appellant did not consent to the notice of dismissal. However, appellee also filed a motion to dismiss the action on grounds of mootness, which the trial court granted. We therefore elect to construe the trial court's action as a dismissal pursuant to Civ.R. 41(A)(2).
 {¶ 17} Generally, the trial court's decision to grant or deny a Civ.R. 41(A)(2) dismissal will not be disturbed on appeal absent a finding of abuse of discretion. Edwards v. Reser, 6th Dist. No. OT-07-022,2007-Ohio-6520, ¶ 39. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} At least one Ohio court has held that an eviction case is properly dismissed as moot when a tenant voluntarily vacates the premises before a writ of eviction can be served. Cline v. Zablotny
(Sept. 19, 1997), 2d Dist No. 96CA48. In this case, it is undisputed that appellant, for whatever reason, chose to vacate the apartment at 961 Dorr Street before the eviction proceedings were concluded. In addition, a review of the record set forth above shows that the trial court vacated the judgment entry issued on March 15, 2007, pending a ruling on appellant's objections. Because appellee later sought to have the eviction action dismissed, that judgment was never reinstated.
 {¶ 19} This court has reviewed the entire record of proceedings that was before the trial court and, upon consideration thereof, finds that there was no outstanding judgment *Page 6 
in effect against appellant when appellee filed the motion to dismiss the eviction action. Therefore, appellant's decision to vacate the apartment rendered the entire case against her moot, and the trial court did not abuse its discretion by dismissing the eviction on that basis. Accordingly, appellant is not entitled to relief from judgment pursuant to Civ.R. 60(B), and her sole assignment of error is not well-taken. The judgment of the Toledo Municipal Court is hereby affirmed.
 {¶ 20} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1