OPINION
{¶ 1} Defendant-appellant, Board of County Commissioners of Clermont County ("Board"), appeals a decision in which the Clermont County Court of Common Pleas declined *Page 2 
to impose sanctions on both the expert witness and trial counsel for plaintiff-appellee, Anthony Lucchesi, administrator of the estate of Kaitlin Lucchesi.
 {¶ 2} In its single assignment of error, the Board avers that the trial court abused its discretion in failing to award sanctions against the expert witness when the witness did not timely disclose the publications forming the basis of his opinion, and against trial counsel when counsel also did not timely produce the same information. The Board, citing to evidentiary and civil rules and R.C. 2323.51, indicates that such information was properly requested as the subject of a subpoena before a deposition, a discovery request, or discovery court order.
 {¶ 3} The trial court in the case at bar issued a decision denying the Board's motions for sanctions, finding no failure to comply with the subpoena, and no showing of frivolous conduct or willful withholding of information.
 {¶ 4} While a review of a trial court's decision as to what constitutes frivolous conduct under R.C. 2323.51 may involve a mixed question of law and fact, even in instances where frivolous conduct is found to exist, the decision to assess or not assess a penalty lies with the sound discretion of the trial court. Finch v. Kailey Auto Sales,Inc., Franklin App. Nos. 04AP-371, 04AP-512, 2005-Ohio-1944, ¶ 14;Wiltberger v. Davis (1996), 110 Ohio App.3d 46.
 {¶ 5} Likewise, a trial court's decision on whether to impose Civ. R. 11 sanctions cannot be reversed absent an abuse of discretion.Radvansky v. W. S. Financial Group, Hamilton App. No. C-070470,2008-Ohio-4472, ¶ 22.
 {¶ 6} Finally, this court reviews a trial court's decision on the imposition of discovery sanctions for an abuse of discretion. Nakoff v.Fairview Gen. Hosp., 75 Ohio St.3d 254, 1996-Ohio-159, syllabus.
 {¶ 7} In order for an abuse of discretion to occur, "the result must be so palpably and *Page 3 
grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff at 256.
 {¶ 8} Confining our review to the Board's challenge of the trial court's denial of sanctions against appellee, we cannot find that the trial court's decision evidences a perversity of will, the defiance of judgment, or exercise of passion or bias. The Board's single assignment of error is overruled.
 {¶ 9} Judgment affirmed.
 BRESSLER and POWELL, JJ., concur. *Page 1