[Cite as *Garver Road Invest., L.L.C. v. Diversapack of Monroe, L.L.C.*, 2014-Ohio-3551.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| GARVER ROAD INVESTMENT, LLC, | : | |
| | | CASE NOS. CA2013-10-181 |
| Plaintiff-Appellee, | : | CA2013-10-183 |
| | : | O P I N I O N |
| - vs - | | 8/18/2014 |
| | : | |
| DIVERSAPACK OF MONROE, LLC, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-03-1075

Millikin & Fitton, Steven A. Tooman, Heather Sanderson Lewis, Salvatore A. Gilene, 9032 Union Centre Blvd., Suite 200, West Chester, Ohio 45069, for plaintiff-appellee

Myron A. Wolf, Dennis L. Adams, 120 North Second Street, P.O. Box 741, Hamilton, Ohio 45012, for defendants-appellants, Diversapack of Monroe, LLC and Alan Kristel

Wachtel Masyr & Missry LLP, Julian D. Schreibman, One Dag Hammarskjold Plaza, 885 Second Avenue, 47th Floor, New York, New York 10017 and Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant, Euroamerican Investment Corp.

Jeffrey J. Harmon, 537 East Pete Rose Way, Cincinnati, Ohio 45202, for defendant, First Capital

    **RINGLAND, P.J.**

    {¶ 1} Defendants-appellants, Alan Kristel and EuroAmerican Investment Corp.

(Appellants), appeal a decision of the Butler County Court of Common Pleas granting a

motion to compel production of tax returns.

{¶ 2} Diversapack of Monroe, LLC ("DPK Monroe") entered into a commercial lease with Garver Road Investment LLC ("GRI") for a manufacturing facility. DPK Monroe subsequently defaulted on the lease and filed for bankruptcy. Prior to the bankruptcy filing, GRI filed suit against DPK Monroe, EuroAmerican Investment Corp. ("EuroAmerican"), Diversapack LLC ("Diversapack"), who is DPK Monroe's parent company, and Kristel, one of its principals, among others.

{¶ 3} The lease was secured by a "Parent Guaranty," executed by Diversapack, and by a conditional guaranty executed by Kristel (the "Kristel Guaranty") that could only be triggered by the occurrence of a "Parent Capital Default." The Parent Capital Default was defined in the Parent Guaranty as the withdraw of a capital contribution made by EuroAmerican DP Holdings, LLC ("EADP"), before DPK Monroe had been profitable for at least two consecutive full fiscal years.

{¶ 4} In its complaint, GRI alleges that Kristel is liable under the Kristel Guaranty. GRI sought to compel production of tax returns from Diversapack and Kristel to determine whether a Parent Capital Default occurred. Appellants argue that the information necessary to determine whether the Kristel Guaranty was triggered is available from the Diversapack tax returns, and thus Kristel's returns are unnecessary.

{¶ 5} In turn, GRI argues that Kristel put his tax returns at issue by asserting that Kristel's contributions to Diversapack should be imputed to EADP in satisfaction of the requirements of the Parent Guaranty. GRI also argues that Kristel's tax returns are relevant to Kristel's credibility based on potential inconsistencies with Diversapack's returns.

{¶ 6} GRI also sought to compel production of EuroAmerican's tax returns. GRI asserts that it had a first priority security interest in DPK Monroe's equipment, and that DPK Monroe improperly granted a security interest in its equipment to EuroAmerican.

Accordingly, GRI argues that EuroAmerican's tax returns are at issue because EuroAmerican has alleged that it "recovered nothing by way of its security interest." Thus, GRI argues that EuroAmerican's tax returns are at issue because they would contain information as to whether EuroAmerican truly recovered nothing by way of its security interest. In addition, GRI argues the tax returns are relevant to issues of credibility because they may reveal inconsistencies with Diversapack's returns.

{¶ 7} After considering the parties arguments, the trial court ordered that EuroAmerican, Kristel and Diversapack produce their tax returns. Appellants now appeal, separately but similarly raising a single assignment of error for our review.

{¶ 8} Kristel's Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT GRANTED APPELLEE'S MOTION TO COMPEL PRODUCTION OF PERSONAL TAX RETURNS, WHERE APPELLANT'S TAX RETURNS WERE DEMONSTRABLY IRRELEVANT AND WHERE THE INFORMATION PURPORTEDLY SOUGHT WAS READILY AVAILABLE FROM ANOTHER SOURCE.

{¶ 10} EuroAmerican Investment Corp.'s Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT GRANTED APPELLEE'S MOTION TO COMPEL PRODUCTION OF TAX RETURNS WHERE APPELLEE MADE NO SHOWING OF NEED AND WHERE THE INFORMATION SOUGHT WAS READILY AVAILABLE FROM ANOTHER SOURCE.

{¶ 12} GRI notes that Appellants did not provide the transcript of the hearing on the motion to compel. Accordingly, our review is limited to the record before us. However, the record before us provided sufficient information to allow us to rule on the merits of Appellants' assignments of error.

{¶ 13} A trial court maintains discretion to manage the discovery process. *Bank of*

*Am., N.A. v. Singh*, 12th Dist. Butler No. CA2012-07-146, 2013-Ohio-1305, ¶ 17. This court reviews a trial court's decision to impose discovery sanctions for an abuse of discretion. *Lucchesi v. Fischer*, 12th Dist. Clermont No. CA2008-03-023, 2008-Ohio-5935, ¶ 6, citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. A decision constitutes an abuse of discretion only when it is found to be unreasonable, arbitrary, or unconscionable. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 13; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} Tax returns, while subject to heightened protection from disclosure, are not privileged. Civ.R. 26(B)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." This standard is much broader than the test for relevancy used at trial. *Covington v. The MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, ¶ 20 (10th Dist.). "Matters are only irrelevant at the discovery stage when the information sought will not reasonably lead to the discovery of admissible evidence." *Id.*

{¶ 15} Appellants cite a two-step analysis utilized by various federal and state courts when determining whether to order the production of personal tax returns. We note that no such test has been adopted in Ohio, and the scope of discovery is instead governed by Civ.R. 26(B)(1), as described above.

{¶ 16} Applying Civ.R. 26(B)(1), we do not find that the trial court abused its discretion in ordering the production of Kristel and EuroAmerican's tax returns. Given the broad scope of discovery, and the reasonable likelihood that those tax returns could lead to the discovery of admissible evidence, we find no error in the trial court's decision. The information or lack thereof contained in those returns goes to the heart of this case. Accordingly, they should be deemed discoverable even if they are found only to corroborate the information in Diversapack's returns.

**{¶ 17}** In light of the foregoing, having found that the trial court did not abuse its discretion in ordering the production of Appellants' tax returns where they could reasonably lead to the discovery of admissible evidence, Appellants' assignments of error are overruled.

**{¶ 18}** Judgment affirmed.

S. POWELL and PIPER, JJ., concur.