[Cite as *Hornsby v. Gosser*, 2015-Ohio-162.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| VICKY HORNSBY, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-12-134 |
| | : | O P I N I O N |
| - vs - | | 1/20/2015 |
| | : | |
| TERRY L. GOSSER, | : | |
| Defendant-Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT
Case No. 2012 CVF 00504

Andrew P. George, 1160 East Main Street, P.O. Box 36, Lebanon, Ohio 45036, for plaintiff-appellee

Terry L. Gosser, 4987 Mary Louise Ct., Morrow, Ohio 45152, defendant-appellant, pro se

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Terry Gosser, appeals from a decision in the Warren County Court granting judgment in favor of plaintiff-appellee, Vicky Hornsby. For the reasons detailed below, we affirm.

{¶ 2} The record reflects that Gosser and Hornsby were in a romantic relationship for several years. In November 2010, Gosser purchased in Warren County, Ohio and Hornsby moved into Gosser's house. In exchange, Hornsby agreed to pay for the utility expenses.

{¶ 3} Approximately 14 months later, in January 2012, Gosser and Hornsby separated and Hornsby moved out of Gosser's home. Hornsby then filed this lawsuit against Gosser based upon various theories of recovery including unjust enrichment, wrongful eviction, and replevin of her French Bulldog. Hornsby claimed that she had expended large sums of money on renovations to Gosser's home based on the understanding that both she and her daughter would be able to live on that property. Gosser denied Hornsby's allegations and also made a counterclaim for damages alleging that Hornsby had damaged the house and taken various items from the property.

{¶ 4} After a bench trial, the magistrate awarded $3,574.88 in damages to Hornsby for the reasonable expenses she made in improving the house. The magistrate did not award damages on the issues related to Hornsby's wrongful eviction claim and the dog ownership issue. Finally, the magistrate found that Gosser failed to sustain his burden of proof related to his counterclaim and dismissed the counterclaim. The trial court overruled Gosser's objections and adopted the magistrate's decision in its entirety. Gosser now appeals, pro se, raising three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE COURT ERRED IN RULING THAT DISCOVERY WAS COMPLETE ON AUGUST 5 AFTER THE COURT CONTINUED PRE-TRIAL FOR THAT DATE AND AFTER NOTIFYING THE APPELLANT THAT HE DID NOT HAVE TO APPEAR.

{¶ 7} In his first assignment of error, Gosser argues the trial court erred in ordering that discovery be complete on August 5, 2013. Gosser claims that he was prejudiced as a result of the discovery deadline, because he was unable to obtain "financial records" pertinent to the receipts and cancelled checks presented by Hornsby at trial.[1] We find no

---

1. It is undisputed that Gosser was presented with the pertinent receipts and cancelled checks during discovery. Nevertheless, Gosser claims that he was not provided sufficient time for discovery. Although Gosser does not

merit to this argument.

{¶ 8} A trial court maintains discretion to manage the discovery process. *Ohio Valley Associated Bldrs. & Contrs. v. Rapier Elec., Inc.*, 12th Dist. Butler Nos. CA2013-07-110 and CA2013-07-121, 2014-Ohio-1477, ¶ 15. This court reviews a trial court's decision to impose discovery sanctions for an abuse of discretion. *Id.*; *Lucchesi v. Fischer*, 12th Dist. Clermont No. CA2008-03-023, 2008-Ohio-5935, ¶ 6. A decision constitutes an abuse of discretion only when it is found to be unreasonable, arbitrary, or unconscionable. *Garver Rd. Invest., L.L.C. v. Diversapack of Monroe, L.L.C.*, 12th Dist. Butler Nos. CA2013-10-181 and CA2013-10-183, 2014-Ohio-3551, ¶ 13.

{¶ 9} Based on our review, we find the trial court did not abuse its discretion by setting a date for the completion of discovery. This action was filed on May 17, 2012 and a discovery deadline of August 5, 2013 was established following several continuances and delays in the proceedings. Gosser had ample opportunity to conduct discovery during this lengthy proceeding, which involved relatively simple matters. In addition, "[i]t has long been well established that a trial court has wide discretion in control of its own docket." *Penix v. Avon Laundry & Dry Cleaners*, 8th Dist. Cuyahoga No. 91355, 2009-Ohio-1362, ¶ 33 (trial court did not abuse its discretion by imposing a discovery deadline). As such, the trial court did not err in establishing the pertinent discovery deadline, which was nearly 15 months after the commencement of the action. Gosser's first assignment of error is without merit.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE COURT ERRED IN ALLOWING THE SUMMARY OF RECEIPTS AND ANY OF THE RECEIPTS INTO EVIDENCE BECAUSE THE SUMMARY WAS PREPARED

---

specifically reference the type of "financial records" he is seeking, Gosser implies that he should have been presented with an itemized list during discovery detailing the specific items purchased and its relevance on the issue of home improvements.

BY THE ATTORNEY FOR THE APPELLEE. ALSO ALL OF THE RECEIPTS SHOULD NOT HAVE BEEN ALLOWED INTO EVIDENCE BECAUSE THERE WAS NO TESTIMONY AS TO ANY OF THE RECEIPTS.

{¶ 12} In his second assignment of error, Gosser argues that the trial court erred by allowing Hornsby to present a document that summarized the pertinent amounts of money that Hornsby spent on Gosser's home and represented a total overview of those payments. Gosser's argument is meritless.

{¶ 13} Initially, Gosser's assertion that there was no testimony with respect to the receipts is not supported by our review of the evidence. Hornsby clearly testified that the receipts entered into evidence reflected amounts paid for renovations of Gosser's home.

{¶ 14} Next, we address Gosser's claim with respect to the summary of those receipts. Evid.R. 1006 allows "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court" to be "presented in the form of a chart, summary or calculation." For a summary to be admissible, the documents on which it was based must be admitted or offered into evidence or their absence explained. *Marder v. Marder*, 12th Dist. Clermont No. CA2007-06-069, 2008-Ohio-2500, ¶ 52; *Eysoldt v. ProScan Imaging*, 1st Dist. Hamilton Nos. Nos. C-100528 and C-100529, 2011-Ohio-2359, ¶ 34.

{¶ 15} The record reflects that the summary provided to the trial court represented a consolidated list of relevant expenses that Hornsby had made to Gosser's benefit for home renovations. The summary was attached as part of an exhibit containing all of the receipts being claimed as renovation expenses that Hornsby spent on Gosser's home. Gosser had the opportunity to cross examine Hornsby on the appropriateness of each expense or dispute those calculations, but failed to do so. Based on our review, we find no error in the introduction of the summary of receipts. *E.g., Hughes v. Lanham*, 12th Dist. Warren No. CA2003-10-108, 2004-Ohio-7142, ¶ 41 (finding no error where "[t]he summary document

was simply an aid used to present an overview of the claims made by appellees"). Accordingly, we find Gosser's second assignment of error is without merit.

{¶ 16} Assignment of Error No. 3:

{¶ 17} THE COURT ERRED IN NOT ALLOWING THE APPELLANT TO PRESENT THE TESTIMONY FROM HIS WITNESSES IN SUPPORT OF HIS CLAIMS FOR DAMAGES. THE MAGISTRATE'S REFUSAL TO ALLOW THE APPELLANT TO PRESENT ANY TESTIMONY IN SUPPORT OF HIS COUNTERCLAIM WAS ABUSE OF DISCRETION.

{¶ 18} In his third assignment of error, Gosser claims the trial court abused its discretion by dismissing a witness, Sue Matson, who Gosser claims was relevant to his counterclaim. We find no merit to Gosser's argument.

{¶ 19} A trial court has the discretion to exercise reasonable control over the examination of witnesses, including the direct examination of witnesses. *Camp v. Von Stein*, 12th Dist. Clinton No. CA92-03-006, 1992 WL 379377, at *1 (Dec. 21, 1992); *Hartman v. Wal-Mart Stores, Inc.*, 12th Dist. Butler No. CA2002-02-029, 2003-Ohio-78, ¶ 15.

{¶ 20} In the present case, Matson was present at Gosser's home on the day Hornsby removed her personal effects from the home. In short, Gosser, appearing pro se, attempted to elicit testimony from Matson about the details of the day and the demeanor of the individuals helping Hornsby move. Matson testified about the details of several incidents that occurred during the course of the move and was asked to testify about alleged damages to Gosser's home.[2] Specifically, the following dialogue took place:

> GOSSER: What happened when you returned [to Gosser's house]?
>
> MATSON: It was a mess, it was just chaotic, screaming. I mean, they weren't happy that I was there, to the point where I was afraid and I called for backup, my sister and her husband.

---

2. On the day that Hornsby moved, Matson carried a video camera and followed Hornsby and her friends and family around the home in an attempt to show that Hornsby's friends and family members were rude and unruly during the move.

GOSSER: And did you see a Todd Wilson and the plaintiff's sister there?

MATSON: Yeah, he was probably the most belligerent of everyone there.

GOSSER: And, how about the sister?

MATSON: She was probably second, well, tied with her daughter.

THE COURT: Sir, what's the relevance of this?

GOSSER: Because they had something to do with some of the damage that took place.

THE COURT: Well, then ask questions about damages. [Matson] can only testify as to what she has of personal knowledge of any damage done to your home. Not attitudes and stuff like that. I don't want to hear that, so if she has personal knowledge, where she actually witnessed something happened, that's what she can testify to, nothing else.

GOSSER: Where was the plaintiff when all this happened?

MATSON: Different rooms. I mean, she was at the house, but they were all in different rooms at different times, so she's running around.

GOSSER: But, was she aware of what was going on?

HORNSBY'S COUNSEL: Objection.

THE COURT: Objection sustained. Sir, you can't ask her what was in somebody else's mind. Sir, did you hear what I said a little bit ago? You can ask her what she saw and what she has personal knowledge of, that's all.

After several minutes of largely irrelevant testimony, and repeated attempts by the magistrate to contain questions to relevant matters, the trial court dismissed Matson as a witness and requested that Gosser call a new witness.

THE COURT: All right, you're going to get to testify. Do you have any more questions of her?

GOSSER: Yeah, during the move, did you witness Todd Wilson

who was helping plaintiff - - there was a part where you had mentioned to Vicki how petty it was for her to take all the blinds.

THE COURT: Sir, come on. All right, no more questions ma'am, please step down. I've told you what we need to have testimony on, you're not listening to me so step down ma'am, you're finished. Do you have another witness on the issues relevant to the case or do you want to testify?

GOSSER: Patty Dorton.

THE COURT: Okay. We're not going to listen to people yelling at people. You have a lawsuit and a counterclaim. That's what we're here for today. We're not airing everything else * * *.

Following Matson's dismissal as a witness, Gosser called Patty Dorton and Joyce Gosser Trace to offer additional testimony regarding his counterclaim and Hornsby's original complaint. Thereafter, Gosser testified on his own behalf.

**{¶ 21}** Because Gosser failed to object to the dismissal of his witness, he has waived all except plain error. *Henry v. Richardson*, 12th Dist. Butler Nos. CA2010-05-110 and CA2010-05-127, 2011-Ohio-2098, ¶ 22. In the civil context, the plain error doctrine applies only when an error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." *Id.*; *Ogle v. Hocking Cty.*, 4th Dist. Hocking No. 14CA3, 2014-Ohio-5422, ¶ 28.

**{¶ 22}** After review, we find no error. This court has reviewed both the trial transcript and the videotape of the proceedings and finds no error in excusing Matson. The record reflects that Gosser was repeatedly warned that the information he was eliciting from Matson was wholly irrelevant and of no consequence to the outcome of the proceeding. Nevertheless, Gosser continued to ask Matson about those irrelevant matters. Following several warnings and admonitions, the trial court excused the witness after several minutes of largely irrelevant testimony. The dismissal of Matson from the witness stand was a matter of discretion by the trial court in exercising reasonable control over the examination of a

witness.

**{¶ 23}** Moreover, appellant failed to proffer any testimony that Matson would have provided the court had the trial court not dismissed Matson from the stand. *See, e.g., Barker v. Glen Meadows Nursing Home*, 12th Dist. Butler No. CA2008-06-145, 2009-Ohio-2626, ¶ 14 (an appellate court need not review the propriety of such arguments "unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial"). Absent such a proffer, Gosser's claim that he was prejudiced by the dismissal of Matson as a witness is based largely on conjecture and innuendo that are not proper considerations for this appeal. Accordingly, Gosser's third assignment of error is without merit.

**{¶ 24}** Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.