[Cite as *Bank of Am., N.A. v. Davidson*, 2015-Ohio-479.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., Successor in Merger to BAC Home Loans Servicing, LP f.k.a. Countrywide Home Loans Servicing, LP, | : | CASE NO. CA2014-04-029 |
| | : | |
| Plaintiff-Appellee, | : | O P I N I O N 2/9/2015 |
| | : | |
| - vs - | : | |
| | : | |
| FRED I. DAVIDSON, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011 CVE 01435

McGlinchey Stafford, James W. Sandy, James S. Wertheim, 25550 Chagrin Blvd., Suite 406, Cleveland, Ohio 44122, for plaintiff-appellee

Fred I. Davidson and Glenna M. Jenkins, 604 Mercury Drive, Cincinnati, Ohio 45244, defendants-appellants, pro se

**PIPER, P.J.**

{¶ 1} Defendant-appellant, Fred Davidson, appeals a decision of the Clermont County Court of Common Pleas vacating a decree of foreclosure and ordering dismissal of the foreclosure complaint filed against him by plaintiff-appellee, Bank of America.

{¶ 2} In 2011, Bank of America filed a complaint for foreclosure because of

Davidson's undisputed failure to make mortgage payments. Bank of America then filed a motion for summary judgment, arguing that it was entitled to foreclosure as a matter of law. The trial court granted Bank of America's motion for summary judgment, and ordered foreclosure. While Davidson did not file a direct appeal of the trial court's decision, he later filed a motion with the trial court to vacate the decree of foreclosure, which the trial court denied. Davidson appealed that decision to this court, and we affirmed the decision of the trial court. *Bank of America, N.A. v Davidson*, 12th Dist. Clermont No. CA2013-03-024, (Accelerated Calendar Judgment Entry).

{¶ 3} Approximately a year after this court affirmed the trial court's decision, Davidson filed a motion captioned "Void ab Initio" with the trial court, alleging that Bank of America lacked standing to seek foreclosure of his property. Bank of America opposed the motion, and provided the trial court with evidence that Davidson's mortgage had been assigned to it prior to the filing of foreclosure. While waiting for the trial court's ruling on Davidson's motion, Bank of America entered into a loan modification agreement with Davidson.

{¶ 4} In order to proceed according to the terms of the loan modification, Bank of America filed a motion to vacate the foreclosure judgment according to Civ.R. 60. Bank of America also moved for a voluntary dismissal of its complaint, without prejudice, according to Civ.R. 41(A)(2). Davidson opposed Bank of America's motion, arguing that the trial court had not ruled on his motion challenging Bank of America's standing. The trial court then issued an order in which it granted Bank of America's motions pursuant to Civ.R. 60 and 41(A)(2). Within the entry, the trial court vacated the decree of foreclosure, denied Davidson's motion, and dismissed the case without prejudice. Davidson now appeals, pro se, the trial court's dismissal, raising the following assignments of error. Because Davidson's first and third assignments of error are interrelated, we will address them together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE COURT ERRED WHEN THEY IGNORED THE CHALLENGE OF JURISDICTION BY FAILING TO ADDRESS THE VOID AB INITIO FILING DATED NOVEMBER 8, 2013.

{¶ 7} Assignment of Error No. 3:

{¶ 8} THE COURT ERRED IN ALLOWING THE PLAINTIFF TO DISMISS A CASE WHEN THERE WERE OPEN JURISDICTIONAL CHALLENGES YET TO BE PROVEN.

{¶ 9} Davidson argues in his first and third assignments of error that the trial court erred by granting a voluntary dismissal of Bank of America's complaint because Bank of America lacked standing to bring the foreclosure action, requiring the case be dismissed with prejudice.

{¶ 10} Civ.R. 41(A) governs the voluntary dismissal of actions. Voluntary dismissal can occur in two ways: dismissal by agreement of the parties according to Civ.R. 41(A)(1) or by order of the court according to Civ.R. 41(A)(2). When dismissal is ordered by the court pursuant to Civ.R. 42(A)(2), the dismissal is ordered "upon such terms and conditions as the court deems proper." *Logsdon v. Nichols*, 72 Ohio St.3d 124, 126 (1995). Regarding a Civ.R. 41(A)(2) motion, "a dismissal on such a motion is within the sound discretion of the court and is reversible only for an abuse of discretion."[1] *Jones v. Williams*, 12th Dist. Clermont No. CA85-12-111, 1986 WL 9710, *3 (Sept. 8, 1986). A decision constitutes an abuse of discretion only when it is found to be unreasonable, arbitrary, or unconscionable.

---

1. Voluntary dismissals pursuant to Civ.R. 41(A)(1) are generally not final appealable orders because they do not constitute a ruling on the merits and are otherwise agreed to by the parties. However, when the dismissal is ordered pursuant to Civ.R. 41(A)(2), the trial court's ruling "can be subject to appellate scrutiny at an appropriate time." *State ex rel. Die Co.*, *Inc. v Court of Common Pleas Lake County*, 11th Dist. Lake No. 2010-L-107, 2011-Ohio-5232, ¶ 23. For example, the Ohio Supreme Court has held that the failure to follow procedural requirements of a request for a Civ.R. 41(A)(2) dismissal can result in reversible error. *Logsdon,* 72 Ohio St.3d 124. Additionally, other courts have reviewed a trial court's decision on a Civ.R. 41(A)(2) motion to determine if such a dismissal should be overturned as an abuse of discretion. *See, e.g., Vistula Management Co. v. Shoemake*, 6th Dist. Lucas No. L-07-1204, 2008-Ohio-365, ¶ 17; *Douthitt v. Garrison*, 3 Ohio App.3d 254, 256 (9th Dist.1981).

*Hornsby v. Gosser*, 12th Dist. Warren No. CA2013-12-134, 2015-Ohio-162, ¶ 8.

{¶ 11} Davidson contends that the trial court should not have ordered voluntary dismissal without prejudice because the trial court did not first address his motion regarding Bank of America's standing. However, the record is clear that the trial court addressed Davidson's motion on at least two occasions.

{¶ 12} Davidson responded to Bank of America's motion for Civ.R. 41(A)(2) dismissal and argued that it should be denied because of the standing issue. Within Davidson's memorandum in opposition, Davidson requested a hearing for the specific purpose of arguing his void ab initio motion. In response, the trial court expressly stated, "this matter is before the court for consideration of a request for hearing on a filing captioned by the defendant as 'void ab initio' which was filed on March 21, 2014. The court finds that the filing referred to by the defendant is without merit and that the defendant is not entitled to a hearing on this matter." Moreover, in its entry granting the Civ.R. 41(A)(2) dismissal, the trial court expressly denied Davidson's motion.

{¶ 13} The record is therefore clear that the trial court did not fail to address Davidson's motion captioned "void ab initio." Instead, and on no less than two occasions, the trial court expressly addressed the motion and denied the motion because Davidson's challenge to Bank of America's standing lacked merit.

{¶ 14} In regard to standing to bring a foreclosure action, "a party may establish that it is the real party in interest with standing to invoke the jurisdiction of the common pleas court when, 'at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note.'" *SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239, CA2013-05-068, 2014-Ohio-71, ¶ 15, quoting *Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860. (Emphasis sic.)

{¶ 15} As properly determined by the trial court, Bank of America had standing to bring

the complaint of foreclosure, as Bank of America submitted evidence that it had been assigned the mortgage prior to filing its foreclosure action. However, even if Bank of America would not have had proper standing to bring the suit as Davidson claims, the result of the case would have been exactly the same as what occurred here: dismissal without prejudice.

{¶ 16} The Ohio Supreme Court made clear that "the lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Federal Home Loan Mtg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 40. As such, despite Davidson's argument that the case should have been dismissed with prejudice, the trial court properly dismissed the case without prejudice.

{¶ 17} Having found that the trial court addressed Davidson's motion and that the trial court properly overruled the motion because Bank of America had standing, Davidson's first and third assignments of error are overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE COURT ERRED WITH FACTS AND LAW WHEN IT WAS INFORMED THAT THE NOTARY SEAL MUST BE COMPLIANT WITH O.R.C. 147.04.

{¶ 20} Davidson argues in his second assignment of error that the notary seal applied to the mortgage assignment failed to comport with R.C. 147.04 and therefore the assignment was invalid. However, we find that Davidson's challenge to the notary seal is barred by res judicata.

{¶ 21} Pursuant to the doctrine of res judicata, "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132 (1999). Res judicata precludes a party from both relitigating issues already decided by a

court of competent jurisdiction or raising matters that should have been brought by the party in a prior action involving the same parties. *Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 38.

{¶ 22} The record indicates that Bank of America moved for summary judgment on its foreclosure complaint, and that the trial court ordered foreclosure after granting Bank of America's motion. Davidson did not appeal that decision, although he could have. Davidson then filed a motion to vacate the grant of summary judgment, which the trial court denied. Davidson chose to appeal the trial court's denial of his motion to vacate, raising several assignments of error. This court affirmed the trial court's decision, overruling each of Davidson's assignments of error. However, Davidson did not challenge whether the notary seal on the assignment was valid within a direct appeal from the trial court's grant of summary judgment when he should have. Nor did Davidson challenge the validity of the notary seal within his direct appeal of the trial court's denial of his motion to vacate. As such, Davidson is barred by res judicata from now raising that issue.

{¶ 23} Having found that Davidson's challenge to the notary seal is barred by res judicata, his third assignment of error is overruled.

{¶ 24} Assignment of Error No. 4:

{¶ 25} THE COURT ERRED BY IGNORING JUDICIAL CANONS.

{¶ 26} While Davidson argues on appeal that the trial court engaged in judicial misconduct by ignoring several judicial canons, this court lacks jurisdiction to address claims of judicial misconduct. *Wilburn v. Wilburn*, 169 Ohio App.3d 415, 2006-Ohio-5820, ¶ 10 (9th Dist.). R.C. 2701.03 sets forth the process by which one may seek disqualification of a trial court judge. However, allegations of judicial misconduct are "not cognizable on appeal, but are a matter properly within the jurisdiction of the Disciplinary Counsel" because "the Chief Justice of the Supreme Court of Ohio, or her designee, has exclusive jurisdiction to

determine a claim that a common pleas judge is biased or prejudiced." *Hendy v. Wright*, 9th Dist. Summit No. 26422, 2013-Ohio-5786, ¶ 7; Section 5(C), Article IV, Ohio Constitution.

{¶ 27} As this court lacks jurisdiction to consider Davidson's allegations of judicial misconduct, his fourth assignment of error is overruled.

{¶ 28} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.