[Cite as *Fifth Third Bank v. Meadow Park Plaza, L.L.C.*, 2016-Ohio-753.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| FIFTH THIRD BANK,                 | : | CASE NO.  CA2015-07-012      |
| Plaintiff-Appellee,               | : |                              |
|                                   | : | O P I N I O N                |
|                                   |   | 2/29/2016                    |
| - vs -                            | : |                              |
|                                   | : |                              |
| MEADOW PARK PLAZA, LLC, et al.,   | : |                              |
| Defendants-Appellants.            | : |                              |


CIVIL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CVE 20130422


Statman, Harris & Eyrich, LLC, Alan J. Statman, Patricia L. Hill, Branson D. Dunlop, 441 Vine Street, Suite 3700, Cincinnati, Ohio 45202, for plaintiff-appellee

Chris Wiest, AAL PLLC, Christopher Wiest, 25 Town Center Boulevard, Suite 104, Crestview Hills, Kentucky 41017, for defendants-appellants


**S. POWELL, J.**

{¶ 1} Defendants-appellants, Meadow Park Plaza, LLC ("Plaza") and Matthew C. Daniels, appeal from various decisions issued by the Clinton County Court of Common Pleas in a foreclosure action initiated by plaintiff-appellee, Fifth Third Bank ("Fifth Third"). For the reasons outlined below, we affirm.

{¶ 2} On February 1, 2007, Plaza, through its manager Daniels, executed a note

obligating it to repay Fifth Third a total of $4,200,000, plus interest, by its maturity date, February 1, 2009. Plaza, again through its manager Daniels, also executed a mortgage that secured the repayment of the note with real property located at 1627 Rombach Road and State Route 223, Wilmington, Clinton County, Ohio. Daniels then executed a guaranty agreement with Fifth Third, wherein he personally guaranteed the full payment and performance on the note entered into between Plaza and Fifth Third.

{¶ 3} On August 10, 2009, March 19, 2010, March 17, 2011, and September 20, 2011, Plaza, Daniels, and Fifth Third entered into forbearance agreements that ultimately extended the maturity date of the note from February 1, 2009 to December 5, 2011. However, on July 22, 2013, after the note had gone unpaid for over a year, Fifth Third filed a complaint in foreclosure seeking to recover on the note, guaranty agreement, and mortgage. At the time the complaint was filed, Fifth Third alleged the note had a remaining unpaid principal balance of $3,687,522.87. After receiving an extension, Plaza and Daniels (hereinafter collectively referred to as "Meadow Park") filed an answer to Fifth Third's complaint, which included a claim alleging Fifth Third "was never in the past, nor is not now, in actual possession of either the original note or mortgage[.]"

{¶ 4} On August 7, 2013, Fifth Third moved the trial court for the appointment of a receiver, which the trial court subsequently granted as part of an agreed order on January 30, 2014. Approximately two months later, on March 31, 2014, the receiver filed a motion with the trial court requesting authority to sell the mortgaged property at a private sale free and clear of all liens, or alternatively, requesting the trial court to provide instructions on how to proceed. After holding a hearing on the matter, and in light of the receiver's testimony that an auction would bring the best price, a magistrate issued an order instructing the receiver to auction the property free and clear of all liens within 30 to 45 days after filing the auction rules with the trial court. Thereafter, once the auction rules were filed, on May 29, 2014, the

trial court entered another agreed order approving the auction rules and authorizing the receiver to sell the property at auction. On June 13, 2014, the property sold at auction to Wilmington Retail, LLC for $2,100,000.

{¶ 5} On June 17, 2014, Fifth Third filed a motion for summary judgment against Meadow Park with a supporting affidavit alleging it was entitled to judgment on the note, guaranty agreement, and mortgage. In response, Meadow Park filed a memorandum in opposition to Fifth Third's motion for summary judgment on July 30, 2014. As part of this memorandum, although acknowledging that the note was entered into between Plaza and Fifth Third on February 1, 2007, as well as several forbearance agreements that extended the maturity date of the note to December 5, 2011, Meadow Park alleged that the trial court did not have jurisdiction over the matter due to a forum-selection clause contained in the note, and even if it did, a genuine issue of material fact existed regarding the amount of indebtedness, if any, still due and owing. According to Meadow Park, this required a continuance to allow for additional time for discovery in accordance with Civ.R. 56(F), as well as to determine "whether or not [Fifth Third] has the right to enforce the agreement" as the holder of the note, guaranty agreement, and mortgage.

{¶ 6} On August 21, 2014, the trial court issued a decision granting partial summary judgment to Fifth Third, finding Meadow Park had defaulted on its obligations under the note, guaranty agreement, and mortgage held by Fifth Third. Nevertheless, the trial court then found that a genuine issue of material fact remained regarding the amount of money Meadow Park still owed to Fifth Third, if any, "after application of the receiver's net operating profit, pursuant to the terms of the note and mortgage including amounts for interest, late fees, costs of this action, and any costs advanced by Fifth Third for the protection of the collateral property." As a result, the trial court granted Meadow Park additional time for discovery "regarding the issue of amounts owed to Fifth Third under the terms of the note, mortgage

- 3 -

and guaranty." The trial court then scheduled the matter for an evidentiary hearing on February 2, 2015.

{¶ 7} On February 2, 2015, shortly before the evidentiary hearing began, Meadow Park filed with the trial court a notice of admission deemed admitted, indicating it had sent a discovery request to Fifth Third on September 1, 2014 that had since gone unanswered. As the record reveals, included within the discovery request were various interrogatories, a request for production of documents, and a single request for an admission, specifically asking Fifth Third to "[a]dmit that, once the proceeds of the receiver's sale is applied, [Meadow Park] owe[s] [Fifth Third] nothing." Although acknowledging that it had not answered Meadow Park's discovery request, Fifth Third filed a memorandum in opposition to Meadow Park's notice, wherein it argued the "attempt by [Meadow Park] to slip in a request for admissions that would attempt to undue a prior finding by this Court is disingenuous at best." Fifth Third also argued Meadow Park should not be permitted to use a request for admission to absolve it "of liability that the Court has already found to be true." The trial court then continued the matter to allow the parties to resume their settlement negotiations.

{¶ 8} On February 9, 2015, the parties appeared before the trial court and noted that a settlement was now unlikely due to a "fundamental misunderstanding as to the timing of any payment under that agreement." The trial court then addressed Meadow Park's notice of admission deemed admitted, wherein the trial court determined that it would take the matter under advisement, but would still allow both parties to place evidence on the record as to whether any money was still due and owing to Fifth Third. To that end, and over Meadow Park's objection, Mark Ransom, a vice president with Fifth Third assigned to the Meadow Park account, testified with supporting documentary evidence that Meadow Park still owed Fifth Third a total of $2,392,242.94 on the note and guaranty agreement, which included the outstanding principal of $2,329,063.29, plus accrued and unpaid interest of $52,922.06 and

- 4 -

$10,257.50 in late fees. Although cross-examining Ransom at length, Meadow Park did not provide any additional evidence in its defense.

{¶ 9} On February 10, 2015, the trial court issued an entry in regards to Meadow Park's notice of admission deemed admitted, wherein it stated, in pertinent part, the following:

> The court reviewed the record with counsel and learned that there is no settlement of the dispute as had been hoped and reported at the February 2, 2015 hearing. The court has had insufficient time to review the legal issue raised in [Meadow Park's] Notice of Admissions filed just prior to the last hearing on February 2, 2015 and the Memorandum of [Fifth Third] in Response filed just prior to this hearing today.

> Accordingly, over objection of [Meadow Park], the court provided [Fifth Third] an opportunity to present evidence in support of its claim to a monetary judgment against [Meadow Park]. At the conclusion of the testimony presented, the court indicated it would keep the record open through and including March 9, 2015 for submission of final post hearing briefs on all issues.

Fifth Third subsequently filed a post-hearing brief in accordance with the trial court's entry, as well as a transcript of the February 9, 2015 evidentiary hearing. Meadow Park, however, although submitting its own post-hearing brief, did not provide any evidence to refute Fifth Third's claims, opting instead to rely solely on the unanswered request for admission.

{¶ 10} On March 11, 2015, the trial court issued a decision finding Meadow Park remained obligated to Fifth Third on the note and guaranty agreement. In so holding, the trial court relied on Ransom's uncontroverted testimony and documentary evidence indicating Meadow Park still owed Fifth Third a total of $2,392,242.94 on the note and guaranty agreement. The trial court also found that based on the compelling circumstances of the case, the principles outlined in Civ.R. 1(B), as well as its desire to establish an accurate deficiency judgment, Meadow Park's reliance on the unanswered request for admission in an effort to avoid a deficiency judgment was "full of gamesmanship and without merit." A final

and appealable order incorporating these findings was then issued by the trial court on July 2, 2015.

{¶ 11} Meadow Park now appeals from the trial court's various decisions, raising three assignments of error for review.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED BY GRANTING PARTIAL SUMMARY JUDGMENT TO FIFTH THIRD BANK.

{¶ 14} In its first assignment of error, Meadow Park argues the trial court erred by granting partial summary judgment to Fifth Third. We disagree.

{¶ 15} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Moody v. Pilot Travel Ctrs., L.L.C.*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). In applying the de novo standard, the appellate court is required to "'us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 16} Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of

material fact exists. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Barich v. Scheidler Med. Group L.L.C.*, 12th Dist. Butler No. CA2015-01-004, 2015-Ohio-4446, ¶ 9, citing *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 10.

{¶ 17} Initially, Meadow Park argues the trial court erred by granting partial summary judgment to Fifth Third since there was a genuine issue of material fact as to whether there was, in fact, any indebtedness still due and owing to Fifth Third on the note and guaranty agreement. However, after a simple review of the record, that is exactly what the trial court did. Again, in ruling on Fifth Third's motion, the trial court found a genuine issue of material fact remained regarding the amount of money, if any, Meadow Park still owed to Fifth Third "after application of the receiver's net operating profit, pursuant to the terms of the note and mortgage including amounts for interest, late fees, costs of this action, and any costs advanced by Fifth Third for the protection of the collateral property." Meadow Park's first argument is therefore without merit.

{¶ 18} Next, Meadow Park argues the trial court erred by not granting its request to allow for additional time for discovery under Civ.R. 54(F). Yet, as the record reveals, the trial court did permit Meadow Park additional time for discovery "regarding the issue of amounts owed to Fifth Third under the terms of the note, mortgage and guaranty." Moreover, there is nothing in the record to indicate Meadow Park could not have conducted discovery prior to Fifth Third filing its motion for summary judgment, a filing which occurred approximately nine

months after Meadow Park filed its answer in this matter. It is well-established that the trial court maintains the discretion to manage the discovery process, including the decision whether to grant a Civ.R. 56(F) motion for a continuance. *Buckner v. Washington Mut. Bank*, 12th Dist. Butler No. CA2014-01-012, 2014-Ohio-5189, ¶ 16. We find no abuse of that discretion here. Meadow Park's second argument is therefore likewise without merit.

{¶ 19} Next, Meadow Park argues the trial court erred by granting partial summary judgment to Fifth Third since Fifth Third failed to prove it had standing as the holder of the note or mortgage at the time its complaint was filed. However, contrary to Meadow Park's claim, the documents attached to both the complaint and motion for summary judgment clearly indicates Fifth Third, through a merger with its predecessor, was the holder of the note, guaranty agreement, and mortgage at the time the complaint was filed.

{¶ 20} As this court has stated previously, a party may establish that it is the real party in interest with standing to pursue a foreclosure action "when, 'at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note.'" (Emphasis sic.) *Bank of Am., N.A. v. Davidson*, 12th Dist. Clermont No. CA2014-04-029, 2015-Ohio-479, ¶ 14, citing *SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, ¶ 15, quoting *Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860. Such is clearly the case here. Meadow Park's third argument is therefore also without merit.

{¶ 21} Finally, Meadow Park argues the trial court erred by granting partial summary judgment to Fifth Third "where genuine issues of material fact remain about jurisdiction." In support of this claim, Meadow Park points this court to the forum-selection clause contained in the note, which states:

> **Governing Law; Consent to Jurisdiction.** This Note is delivered in, is intended to be performed in, will be construed and enforceable in accordance with and governed by the internal

> laws of, the **State of Ohio**, without regard to principles of conflicts of law. Borrower agrees that the state and federal courts in the County where the Lender is located shall have exclusive jurisdiction over all matters arising out of this Note, and that service of process in any such proceeding shall be effective if mailed to Borrower at the address set forth herein.

According to Meadow Park, this forum-selection clause required Fifth Third to file its complaint in foreclosure in either Boone County, Kentucky, the lender's address as provided in the note, or where Fifth Third is now headquartered, Hamilton County, Ohio.

{¶ 22} However, by entering into an agreed order for the appointment of a receiver, which was then followed up by an agreed order authorizing the receiver to sell the property at auction, we find Meadow Park forfeited any issue as to whether Clinton County was the proper venue that had jurisdiction in this case. In other words, by entering into these agreed orders, Meadow Park acknowledged and agreed that the trial court was the proper venue that had jurisdiction over the parties and property at issue. To hold otherwise would do nothing more than contradict the law of the case and further frustrate the proceedings in this matter by calling into question the validity of sale of the property at auction. Therefore, based on the facts and circumstances here, Meadow Park's final argument is similarly without merit.

{¶ 23} In light of the foregoing, and having found no merit to any of the arguments raised herein, Meadow Park's first assignment of error is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT WITHDREW REQUESTS FOR ADMISSION THAT HAD BEEN ADMITTED DUE TO A FAILURE TO RESPOND AFTER IT HELD AN EVIDENTIARY HEARING ON THE ISSUES THAT WERE ADMITTED, AFTER IT WAS RELIED ON BY THE APPELLANTS TO THEIR DETRIMENT, AND WITHOUT NOTICE OR THE OPPORTUNITY TO OBTAIN DISCOVERY ON THE ISSUES THAT BECAME RELEVANT AFTER THE TRIAL COURT ALLOWED THE

ADMISSION TO BE WITHDRAWN.

**{¶ 26}** In its second assignment of error, Meadow Park argues the trial court erred and abused its discretion by failing to give credit to the request for admission after the request went unanswered. We disagree.

**{¶ 27}** Civ.R. 36 governs requests for admissions. Specifically, pursuant to Civ.R. 36(A)(1), "[t]he matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." As this court has stated previously, "[w]hen a party fails to timely respond to a request for admissions, the admissions become facts of record, which the court must recognize." *January Invests., LLC v. Ingram*, 12th Dist. Warren No. CA2009-09-127, 2010-Ohio-1937, ¶ 17. However, this court has also determined that "[a] trial court may permit the withdrawal or amendment even if the admission is the result of a party's untimely failure to respond." *Baron v. Buckner*, 12th Dist. Warren No. CA90-10-071, 1991 WL 69355, *2 (Apr. 29, 1991). This is because Civ.R. 36 "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985).

**{¶ 28}** As noted above, after the trial court issued its decision granting Fifth Third partial summary judgment, Meadow Park submitted a discovery request to Fifth Third that included various interrogatories, a request for production of documents, and a single request for an admission, specifically asking Fifth Third to "[a]dmit that, once the proceeds of the receiver's sale is applied, [Meadow Park] owe[s] [Fifth Third] nothing." That request, however, dealt with the very issue upon which the trial court had already determined an

evidentiary hearing was required; namely, whether there was, in fact, any indebtedness still due and owing to Fifth Third on the note and guaranty agreement.

{¶ 29} As the trial court found, based on the compelling circumstances of this case, the principles outlined in Civ.R. 1(B), and its desire to establish an accurate deficiency judgment on the merits, Meadow Park's attempts to avoid a deficiency judgment through this procedural device was "full of gamesmanship and without merit." We agree and find no abuse of the trial court's discretion here. *See, e.g., Jones v. Contemporary Image Labeling, Inc.*, 12th Dist. Warren No. CA2009-02-017, 2009-Ohio-6178, ¶ 18 (trial court did not abuse its discretion allowing appellee to withdraw an admission where the decision to set aside the admission was "the only way for the [trial court] to undertake a reasonable analysis of the merits of [appellant's] claims against [appellee]").

{¶ 30} Moreover, although Meadow Park claims otherwise, we also find no merit to its claim that it was prejudiced by the trial court's decision to allow Fifth Third to withdraw its admission. As noted by the Fifth District Court of Appeals in *Kutscherousky v. Integrated Communications Solutions, LLC*, 5th Dist. Stark No. 2004 CA 00338, 2005-Ohio-4275, "where a party all but conceded liability through its admission in a contested case," such as the case here, "it is unlikely that the opposing party could have reasonably relied on the truth of the admission. * * * And if he did rely on that assumption, this court is loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure." (Internal citations and quotations omitted.) *Id.* at ¶ 27-28, citing *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.Conn.1976). Therefore, Meadow Park's second assignment of error also lacks merit and is overruled.

{¶ 31} Assignment of Error No. 3:

{¶ 32} THE TRIAL COURT ERRED IN CONDUCTING THE EVIDENTIARY HEARING IN THIS MATTER, IN THE MANNER OF CONDUCTING THAT HEARING, AND

DETERMINING THE AMOUNT OF DEFICIENCY, WARRANTING REVERSAL.

{¶ 33} In its third assignment of error, Meadow Park argues the trial court erred in the manner it conducted the February 9, 2015 evidentiary hearing. Specifically, Meadow Park argues the trial court erred by allowing Fifth Third to introduce documentary evidence that had not been produced through discovery, by not granting them continuance, by allowing testimony from Ransom regarding the amount of indebtedness still due and owing on the note and guaranty agreement, and by issuing a deficiency judgment based on evidence that "suffered from serious issues regarding personal knowledge, reliability, and hearsay."

{¶ 34} However, as the record reveals, although given many opportunities to do so, Meadow Park repeatedly failed to provide any evidence to refute Fifth Third's well-documented claims that money was still due and owing on both the note and guaranty agreement, opting instead to rely on its arguments relating to the unanswered request for an admission. This was a tactical decision of Meadow Park alone, not the trial court. Moreover, it has long been established that a trial court has wide discretion in control of its own docket and regulating the proceedings before it. *Hornsby v. Gosser*, 12th Dist. Warren No. CA2013-12-134, 2015-Ohio-162, ¶ 9. That is exactly what the trial court did here in deciding to bring finality to these unnecessarily lengthy proceedings. Therefore, because we find no error in the manner in which the trial court conducted the February 9, 2015 evidentiary hearing, or in its decision on the admissibility of the evidence presented, Meadow Park's third assignment of error likewise lacks merit and is overruled.

{¶ 35} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.