[Cite as *Conrad v. Oxford*, 2017-Ohio-9089.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| THOMAS CONRAD, et al., | : | |
| | | CASE NOS.   CA2016-05-103 |
| Plaintiffs-Appellants/Cross-Appellees, | : | CA2016-06-104 |
| | : | O P I N I O N |
| | | 12/18/2017 |
| - vs - | : | |
| | : | |
| CITY OF OXFORD, OHIO, | : | |
| | : | |
| Defendant-Appellee/Cross-Appellant. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2014-12-3197


Jay C. Bennett, Oxford Professional Bldg., 5995 Fairfield Road, Suite 5, Oxford, Ohio 45056, for appellants/cross-appellees

Stephen M. McHugh, Christopher R. Conrad, Jessica R. Brockman, 33 West First Street, Suite 600, Dayton, Ohio 45402-1289, for appellee/cross-appellant


**RINGLAND, J.**

{¶ 1}   Plaintiffs-appellants, Thomas Conrad and Sarah Conrad, appeal the decision of the Butler County Court of Common Pleas involving a zoning dispute between the Conrads and the City of Oxford ("City").  In addition, the City cross-appeals from the same decision.  For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2}   In November 2011, the Conrads purchased a single-family residence

("Property") at 316 East Vine Street, Oxford, Ohio. Shortly after purchasing the Property, the Conrads petitioned the Board of Zoning Appeals ("BZA") for a lot width variance in order to build an addition and convert the Property into a two-family residence. The Oxford Zoning Code requires 75 feet of lot width and 7,500 square feet of lot area for a two-family dwelling. However, the Conrads' lot is 53 feet wide and approximately 9,800 square feet in area.

{¶ 3} The BZA denied the variance request and the Conrads appealed the decision to the Butler County Court of Common Pleas. During the first appeal, the common pleas court remanded the matter for a new hearing after finding that the BZA had improperly taken notice of and considered the outcome of a variance request for another property. In so doing, the court stated:

> Finally, the BZA's eighth finding of fact indicates that it considered no other factor in reaching its decision. This finding is not supported by the record. At the hearing, one Board member expressly stated that the variance should be denied, in part, because the BZA previously denied a variance request submitted by a nearby fraternity house. That petition is not in the record, and there is no evidence that the variance request is in any way similar to the Conrads'. Even if it was, it is not relevant to this case, where the practical difficulties test requires the BZA to consider whether the lot width restriction is reasonable as applied to the Conrads, not another property owner.
>
> The Court finds that the BZA's decision illegally strayed from the practical difficulties test by considering a previous ruling related to a different property. It is unclear whether the BZA would have actually denied the variance had it not done so. Having found that the BZA's decision was based upon a factor outside the scope of its authority, the Court remands this matter to the BZA for a new hearing. In light of this decision, it is not necessary to consider whether the BZA has disparately enforced the Oxford Zoning Code in similar situations.

{¶ 4} On November 19, 2014, the BZA heard the variance request on remand from the common pleas court. The variance request was denied. The Conrads again appealed to the common pleas court, asserting three assignments of error. The court's entry reflects that its prior ruling may not have been clearly articulated to the BZA and therefore ordered a

second remand.  In so doing, the court stated:

> Having reviewed the record and relevant case law, it is clear the Court's previous ruling unintentionally led the BZA astray on remand and caused a flawed application of the practical difficulties test.  In its order remanding this matter, the Court determined the BZA improperly considered a past decision denying an area variance to a nearby fraternity house.  The Court further held the BZA's past decision was not relevant to the variance requested by the Conrads because the practical difficulties test required the BZA to consider whether the zoning ordinance at issue was reasonable as applied to the Conrads alone.  While it was improper for the BZA to take notice of and use its past decision as a basis to deny a variance to Conrads [sic], as there was no evidence introduced during the hearing supporting the past decision that the Conrads could examine or rebut, the Court erred in holding that the BZA's past decisions were irrelevant to a practical difficulties analysis.  To the contrary, as part of a practical difficulties analysis Ohio Courts have examined a zoning authority's past decisions in determining whether it has reasonably enforced its zoning ordinances.
>
> Here, the BZA received sworn testimony that nearby properties received area variances similar to the one sought by the Conrads, and that a majority of the properties permitted for two-family occupancy in the R2MS zoning district do not possess the 75 feet of lot width required by the Oxford Zoning Code.  Understandably, in light of the Court's ruling, the BZA did not consider that evidence when it determined the Conrads had not encountered practical difficulties.  It is not clear whether the BZA would have denied the variance had it done so.
>
> The Court therefore remands this matter to the BZA with instructions to determine whether the Conrads have encountered practical difficulties in the use of their property in light of *all* the evidence in the record.

(Citations omitted.)  (Emphasis in original.)

{¶ 5}  The Conrads now appeal the common pleas court's decision, and the City cross-appeals, with both sides raising a single assignment of error for review.

{¶ 6}  Assignment of Error:

{¶ 7}  THE TRIAL COURT ERRED WHEN IT FAILED TO REVERSE THE OXFORD BOARD OF ZONING APPEALS' ARBITRARY AND/OR CAPRICIOUS DISPARATE

ENFORCEMENT OF THE OXFORD ZONING CODE AGAINST APPELLANTS.

{¶ 8}   Cross-Assignment of Error:

{¶ 9}   THE TRIAL COURT ERRED WHEN IT FAILED TO AFFIRM THE DECISION OF THE OXFORD BOARD OF ZONING APPEALS DENYING THE CONRADS' REQUEST FOR A LOT WIDTH VARIANCE.

{¶ 10}   Both parties take issue with the common pleas court's decision. The Conrads assert that the lower court erred by failing to reverse the BZA's decision.  The Conrads believe that this court should reverse the common pleas court's decision and issue instructions that the variance be granted.  Conversely, the City argues that the common pleas court erred when it failed to affirm the BZA decision.  We find both arguments to be without merit and affirm the decision of the common pleas court.

{¶ 11}   In reviewing an administrative body's decision, a court of common pleas reviews the evidence within the record and then determines whether the agency's decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."  R.C. 2506.04.  "A court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid."  *Kaelorr, L.L.C. v. W. Chester Twp. Bd. of Zoning Appeals*, 12th Dist. Butler No. CA2012-03-058, 2012-Ohio-4875, ¶ 9.  Additionally, on review, a court may not substitute its judgment for that of the administrative board.  *Id.*

{¶ 12}   The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "more limited."  *Harr v. Jackson Twp.*, 10th Dist. Franklin No. 10AP-1060, 2012-Ohio-2030, ¶ 21.   While the common pleas court examines the evidence, examining or weighing evidence "is not the charge of the appellate court."  *Kaelorr* at ¶ 10.  Instead, in reviewing an administrative appeal, this court is limited to questions of law and must affirm the common pleas court's decision unless the lower court abused its discretion by finding that

an administrative board's decision was supported by a preponderance of reliable, probative, and substantial evidence. *Id.*

{¶ 13} The Supreme Court has delineated two standards depending on the type of variance at issue: (1) the "practical difficulties" standard for granting a variance that relates only to area requirements and (2) the "unnecessary hardship" standard for granting a use variance. *Dsuban v. Union Twp. Bd. of Zoning Appeals*, 140 Ohio App.3d 602, 606 (12th Dist. 2000), citing *Duncan v. Middlefield*, 23 Ohio St. 3d 83, 86 (1986). In the present case, the Conrads are seeking an area variance, and thus the practical difficulties test applies.

{¶ 14} The court in *Duncan* stated the factors for the practical difficulties test:

> The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.

*Duncan* at syllabus.

{¶ 15} In the present case, the record reveals that the common pleas court was concerned that its initial remand decision had unintentionally confused the BZA on what could be considered in the practical difficulties analysis. As previously noted, on the initial appeal, the common pleas court found that the BZA had "illegally strayed" from the practical difficulties test by considering its previous ruling on a fraternity house that was not in the

record.  On remand to the BZA, the BZA stated that it had not considered any other property

or prior BZA decision.  As noted in the transcript of proceedings:

> In light of that, there's a new hearing ordered so we're not using
> that standard or whatever decision we made based on some
> other property in that neighborhood or any other neighborhood
> within the city of Oxford.

Following its consideration, the BZA again denied the variance.

{¶ 16}  In its decision remanding this matter a second time, the common pleas court

clarified:

> While it was improper for the BZA to take notice of and use its
> past decision as a basis to deny a variance to [sic] Conrads, as
> there was no evidence introduced during the hearing supporting
> the past decision that the Conrads could examine or rebut * * *,
> the Court erred in holding that the BZA's past decisions were
> irrelevant to a practical difficulties analysis.  To the contrary, as
> part of a practical difficulties analysis Ohio Courts have
> examined a zoning authority's past decisions in determining
> whether it has reasonably enforced its zoning ordinances.

{¶ 17}  Following review, we concur in the sentiment expressed by the common pleas

court that it may have inadvertently led the BZA astray in an attempt to explain its initial

judgment entry.  The common pleas court's initial remand instruction was based on the fact

that there was no evidence to support the prior variance concerning the fraternity house.

Because there was no evidence, the BZA should not have considered the fraternity house in

making its determination as to the Conrad property.  The common pleas court did not state

that the BZA could not consider other similar variances or denials.  In fact, the consideration

of similar variances or denials is relevant when making such determinations.  *See*, *e.g., Kisil

v. Sandusky*, 12 Ohio St.3d 30, 33 (1984) (considering neighborhood and recent variance

grant to nearby home).

{¶ 18}  As previously noted, the Property is 53 feet wide, while the City requires 75

feet of lot width for a two-family dwelling.  Accordingly, the Conrads lack nearly 30 percent of

the necessary width requirement. On remand, the BZA may well find that a 30 percent deviation from acceptable use is unacceptable and deny the variance, however, as we also have concerns as to whether the common pleas court's previous order led the BZA astray, we agree that a remand is appropriate in this instance.

{¶ 19} The City in its cross-appeal alleges that the BZA considered the *Duncan* factors and properly denied the variance. However, in light of the confusion surrounding the evidence that could properly be considered by the BZA, we concur that this matter must once again be remanded to the BZA. As a result, we find the common pleas court did not err in its decision to remand the matter to the BZA.

{¶ 20} Furthermore, while the Conrads claim that the common pleas court's decision should be reversed and they should be granted a variance because of "disparate enforcement" of the zoning code, we note that such a determination would not be appropriate in light of this court's determination. Essentially, the Conrads ask this court to reweigh the evidence and grant a variance for their benefit. An appeals court is not a finder of fact. *Ward v. Cuyahoga Falls Bd. of Zoning*, 9th Dist. Summit No. 27848, 2016-Ohio-7091, ¶ 13. In addition, because we agree with the common pleas court that the initial remand may have led the BZA astray, it is not necessary to consider whether the BZA disparately enforced the zoning code. Both the Conrads' assignment or error, and the City's cross-assignment of error are without merit and hereby overruled.

{¶ 21} Judgment affirmed.

S. POWELL, P.J., and CUNNINGHAM, J., concur.


Cunningham, J., of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Article IV, Section 5(A)(3), Ohio Constitution.