[Cite as *Zitkus v. Zitkus*, 2019-Ohio-660.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JODY L. ZITKUS, | : | |
| Appellee/Cross-Appellant, | : | CASE NOS: CA2018-04-073<br>CA2018-04-074 |
| | : | O P I N I O N |
| - vs - | | 2/25/2019 |
| | : | |
| RAYMOND E. ZITKUS, | : | |
| Appellant/Cross-Appellee. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR10-05-0549

Kuhn Unlimited, Ryan D. Kuhn, 1733 West Third Avenue, Columbus, Ohio 43212, for appellee/cross-appellant

Ched H. Peck, 616 Dayton Street, Hamilton, Ohio 45011, for appellant/cross-appellee

**RINGLAND, J.**

{¶ 1}   Appellant/cross-appellee, Raymond Zitkus ("Father"), appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, following postdecree petitions involving his dissolution from appellee/cross-appellant, Jody Zitkus ("Mother").  For the reasons detailed below, we affirm.

{¶ 2}   The parties dissolved their marriage pursuant to a decree of dissolution filed on July 27, 2010.  As part of the dissolution proceedings, the parties submitted, and the trial

court subsequently adopted, a separation agreement. Relevant to the present case, the separation agreement addressed the care, custody, and support of the parties' two minor children.

{¶ 3} The separation agreement designated Mother as the sole residential parent for the children. Father was granted the standard order for parenting time and ordered to pay child support. The parties were to consult regarding the children's participation in extracurricular activities and to equally divide the costs of extracurricular activities. In addition, the parties were to divide costs of uncovered health care expenses.

{¶ 4} At the time of the dissolution, the children resided with Mother in Hamilton, Ohio while Father resided in the general vicinity of Morrow, Ohio. On July 19, 2012, Mother filed a Notice of Relocation to Florence, Kentucky. In 2013, Mother relocated to Columbus, Ohio with the children.

{¶ 5} The record reflects that Father has had a sporadic relationship with the children and was inconsistent with exercising his parenting time. In addition, Father, at times, fell behind in the payment of child support and other costs as specified in the separation agreement. There is evidence to suggest that Father has struggled with alcohol and had difficulty securing long-term employment for a period of time.

{¶ 6} On January 26, 2017, Father filed a number of postdecree motions: (1) motion to modify designated custodian, (2) motion to modify parenting time, (3) motion for contempt of parenting time, and (4) motion for attorney fees and costs. In his postdecree petition, Father alleged that Mother had caused a change in circumstances by relocating the children out of Butler County and "unilaterally and without cause withheld the minor children from Father."

{¶ 7} On March 21, 2017, Mother responded by filing her own postdecree motions. Initially Mother filed the following: (1) motion for contempt for nonpayment of child support,

(2) motion for contempt of parenting provision-medical expenses, (3) motion for contempt of parenting provision-other, and (4) motion for attorney fees and costs. Separately Mother also filed: (1) motion to modify parenting time, (2) motion to modify child support-increase, and (3) motion for attorney fees/costs.

{¶ 8} The parties engaged in discovery, during which Mother served Father with several requests for admission that went unanswered. One business day prior to the evidentiary hearing, Father satisfied his child support arrearage. On the day of trial, the parties resolved many of the contested issues by joint stipulation. In accordance with the stipulation, Father's custody motion was voluntarily dismissed. In addition, Father's parenting time was reduced from 26 weekends per year to 24, midweek visitation was dissolved, and Father's child support obligation was increased.

{¶ 9} The matter proceeded to trial on the remaining matters. Relevant to this appeal, the remaining issues included: (1) Mother's motion for contempt and request for reimbursement of extracurricular activity expenses and uncovered medical expenses, (2) Mother's request for attorney fees, and (3) the establishment of an effective date for the modified child support order.

{¶ 10} The magistrate issued a decision on September 29, 2017. Mother objected to the magistrate's decision. On March 13, 2018, the trial court issued its decision and final appealable order. The trial court's decision increased the amount of money that Father owed Mother for extracurricular expenses, awarded Mother certain attorney fees, and modified the effective date of the child support increase. Father now appeals the trial court's decision and Mother has filed a separate cross-appeal, both raising three assignments of error for review.

{¶ 11} Father's Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT ORDERED PLAINTIFF-APPELLANT TO REIMBURSE

DEFENDANT-APPELLEE 50% OF EXTRACURRICULAR ACTIVITY EXPENSES.

{¶ 13} In his first assignment of error, Father argues the trial court erred by ordering him to reimburse Mother for half of the extracurricular activity expenses incurred by the children. We find Father's argument to be without merit.

{¶ 14} "An appellate court will not reverse a trial court's decision in a contempt proceeding absent a showing of an abuse of discretion." *Willis v. Willis*, 149 Ohio App.3d 50, 2002-Ohio-3716, ¶ 63 (12th Dist.); *Castanias v. Castanias*, 12th Dist. Warren No. CA2009-04-036, 2009-Ohio-6171, ¶ 11. An abuse of discretion is more than error of law or judgment; it requires a finding that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Sparks v. Sparks*, 12th Dist. Warren No. CA2010-10-096, 2011-Ohio-5746, ¶ 12.

{¶ 15} Pursuant to the terms of the separation agreement, Father and Mother agreed to equally divide the costs for each child's extracurricular activities:

> Mother and Father shall consult with each other regarding the child's participation in extracurricular activities. Mother and Father may attend all of the child's activities regardless of when they are scheduled. Both parents will be flexible when [sic] the scheduled parenting time and with each other to make sure the child gets all [sic] to all of her activities. Mother and Father will equally divide costs of all activities including sign-up fees, equipment fees, all school fees, any sports, and/or clubs.

{¶ 16} The magistrate declined to find Father in contempt for failing to pay for school and extracurricular activity fees. In so doing, the magistrate found that the separation agreement lacked the specificity required to put either party on notice as to their rights and responsibilities. Nevertheless, the magistrate found it equitable to allow Mother to seek reimbursement for extracurricular activities incurred since March 23, 2016. As a result, the magistrate only allowed a partial reimbursement of the extracurricular activity expenses.

{¶ 17} On Mother's objection, the trial court overruled the magistrate's decision, and

instead found Father in contempt and ordered him to pay his half of the extracurricular activities. In contrast to the magistrate's decision, the trial court found the terms of the separation agreement to be sufficiently clear and determined that the limited reimbursement allowed by the magistrate was not supported by any legal limitation or provision contained in the separation agreement. As to Father's claim that he was not on notice of the expenses, the trial court found that Father had the ability to contact the school and organizations to confirm the children's participation and the associated costs.

{¶ 18} On appeal, Father argues that the trial court should not have ordered him to pay half of the extracurricular activity fees because he was without knowledge of the children's participation in activities, or the specific teams or organization of which the children were members. Father maintains that he was unable to independently ascertain this information and argues that it is "unconscionable that Mother can accumulate these expenses for years, [and] submit the running total to Father after his portion has exceeded several thousand dollars." Father also argues that Mother failed to provide supporting documentation for the expenses and violated the terms of the separation agreement by failing to discuss the children's involvement in the activity and exchange activity schedules.

{¶ 19} Following review, we find the trial court did not abuse its discretion by ordering Father to pay half of the extracurricular activity expenses. In this case, Mother provided a spreadsheet of the extracurricular expenses incurred and testified as to the process she followed in documenting those expenses and informing Father. As noted by the trial court, Father had the ability to contact the school and organizations to confirm the children's participation and the associated costs. In addition, Father's claim that he was blindsided by the expenses is rebutted by Mother's testimony. In her testimony, Mother explained that she provided the spreadsheet to Father at numerous times over the years, but Father had constant excuses for why he could not pay at the time. Indeed, there is evidence that Father,

at times, requested that certain expenses be added to the spreadsheet as credit to be repaid when he got "back on his feet."  Thus, we find the trial court did not err by finding Father in contempt and ordering him to pay half of the extracurricular activity expenses.  As a result, Father's first assignment of error is overruled.

{¶ 20}  Father's Assignment of Error No. 2:

{¶ 21}  THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT AWARDED ATTORNEY FEES TO DEFENDANT-APPELLEE FOR DEFENDANT-APPELLEE'S CONTEMPT MOTION REGARDING CHILD SUPPORT ARREARS.

{¶ 22}  In his second assignment of error, Father argues the trial court erred by awarding Mother attorney fees related to Mother's contempt motion regarding child support arrears.  Father's argument is without merit.

{¶ 23}  "It is well-established that an award of attorney fees is within the sound discretion of the trial court."  *Wolf v. Wolf*, 12th Dist. Preble No. CA2009-01-001, 2009-Ohio-3687, ¶ 39.  As a result, a trial court's decision to award attorney fees will be reversed only if it amounts to an abuse of discretion.  *Homme v. Homme*, 12th Dist. Butler No. CA2010-04-093, 2010-Ohio-6080, ¶ 69.

{¶ 24}  In this case, the magistrate ordered that each party be responsible for their own attorney fees, citing the "unique facts, circumstances, and posture of this case" and also noting that "the fact that the majority of issues were resolved by agreements, the court's decision to deny both Father's and Mother's contempt motions, the conduct of the parties in the instant litigation, and the relative parity of income between the parties."

{¶ 25}  The trial court overruled the magistrate's decision and ordered Father to pay $142.50 for the nonpayment of his child support obligation and $420.00 for the related

contempt finding.[1] Contrary to Father's stated position in his brief, the trial court did, in fact, make the relevant contempt finding. On appeal, Father argues the trial court erred, but only generally argues that the magistrate "appropriately considered all of the relevant factors * * * and assigned the appropriate weight to each factor."

{¶ 26} Following review, we disagree with Father's argument and find the trial court did not err by ordering that he pay Mother's attorney fees related to the child support arrears. Though we recognize that Father paid his child support arrearage prior to trial and entered into a joint stipulation, Mother was still forced to incur attorney fees based on his failure to pay his child support obligation. The trial court's attorney fee award was not excessive and was supported by the record. As a result, we find that Father has failed to show how the trial court's decision amounted to an abuse of discretion and therefore his second assignment of error is overruled.

{¶ 27} Father's Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN [SIC] ORDERED THE EFFECTIVE DATE OF THE CHILD SUPPORT MODIFICATION TO BE THE DATE ON WHICH DEFENDANT-APPELE'S [sic] MOTION TO MODIFY CHILD SUPPORT WAS FILED.

{¶ 29} In his third assignment of error, Father alleges the trial court erred by ordering the effective date of the child support modification as the date on which Mother moved to modify child support. On appeal, Father argues that Mother's pursuit of the child support modification is "inexorbly linked" to her pursuit of a change in parenting time, so the effective date of the child support obligation should be the same as the date of the new parenting schedule.

---

1. As will be addressed later, the trial court also awarded Mother $235.00 attorney fees related to the nonpayment of extracurricular activity expenses.

{¶ 30} Generally, because of the time it takes to modify child support orders, a modification order may be made retroactive to the date the motion was filed "unless special circumstances dictate otherwise." *Kauza v. Kauza*, 12th Dist. Clermont No. CA2008-02-014, 2008-Ohio-5668, ¶ 21. The determination of whether to make a child support modification order retroactive is within the discretion of the trial court and will not be reversed on appeal absent a showing of an abuse of discretion. *Winn v. Wilson*, 12th Dist. Butler No. CA2017-04-052, 2018-Ohio-1010, ¶ 39.

{¶ 31} We find the trial court did not abuse its discretion by ordering the child support payments effective as of the date of Mother's filing. As noted, the trial court was following the general rule that is only altered under "special circumstances." In this case, the trial court appropriately considered whether there were "special circumstances" to justify an alternate effective date but concluded that such circumstances did not exist based on the record of the case, the parties' agreement, and the relevant case law. In so doing, the trial court noted that, even though Mother filed her motion to modify child support along with parenting motions, the parties stipulated that the agreement was not tied to the parenting orders, but rather a change in circumstances. As a result, we find the trial court did not abuse its discretion and overrule Father's third assignment of error.

{¶ 32} Mother's Cross-Assignment of Error No. 1:

{¶ 33} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO DEEM ADMITTED THE SUBJECT MATTER OF PLAINTIFF'S REQUESTS FOR ADMISSION.

{¶ 34} In her first cross-assignment of error, Mother alleges the trial court erred and abused its discretion by failing to give credit to the request for admission after the request went unanswered. We disagree.

{¶ 35} Civ.R. 36 governs requests for admissions. Specifically, pursuant to Civ.R.

36(A)(1), "[t]he matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." As this court has stated previously, "[w]hen a party fails to timely respond to a request for admissions, the admissions become facts of record, which the court must recognize." *January Invests., L.L.C. v. Ingram*, 12th Dist. Warren No. CA2009-09-127, 2010-Ohio-1937, ¶ 17. However, this court has also determined that "[a] trial court may permit the withdrawal or amendment even if the admission is the result of a party's untimely failure to respond." *Fifth Third Bank v. Meadow Park Plaza, L.L.C.*, 12th Dist. Clinton No. CA2015-07-012, 2016-Ohio-753, ¶ 27. This is because Civ.R. 36 "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Id.*

{¶ 36} Mother argues the trial court failed to account for the following request for admission that went unanswered:

> 9. Admit or Deny: Jody has notified me of "co-pays, deductible costs required under the health insurance policy and all other uncovered health care expenses" for the children in the past three years and I have failed to pay such expenses.

{¶ 37} It is undisputed that Father failed to timely respond. Mother argues that the deemed admission conflicts with the following finding, which resulted in the denial of $4,553.03 in uncovered medical expenses and additional attorney fees:

> While Mother claims she complied with all billing requirements, there is scant evidence in the record to support her claims. Under the circumstances, the court is unable to find that Mother achieved the requisite quantum of proof for this court to find Father in contempt on this issue.

As a result, Mother claims the trial court's finding of fact "directly contradicts admission number 9."

{¶ 38} However, following review, we find Mother's argument to be unpersuasive, as the admission does not contradict the trial court's finding. Pursuant to the terms of the parties' separation agreement, there was a detailed procedure for reimbursement of uncovered medical expenses pursuant to which Mother failed to establish that she is entitled to the additional sum. As included in the separation agreement:

> The parties shall provide each other with a copy of all health care bills for the minor child(ren) on a quarterly basis and a summary of all amounts paid by either party. The summary shall include an offset against all cash medical support received. The documentation of health care expenses shall be provided on the last day of the months of March, June, September, and December. Payment/reimbursement for all health care expenses shall be made within thirty (30) days. Absent extraordinary circumstances, motions for payment of health care bills must be made within one (1) year of the date the bills were incurred.

{¶ 39} Thus, whether Mother notified Father of the relevant uncovered medical expenses is not dispositive of the issue of whether Mother complied with the procedure required under the separation agreement. The deemed admission in this instance only accounts for a portion of what the parties agreed upon in the separation agreement. As a result, we do not find that Mother established her claim for the additional unpaid amount even considering the related admission. Therefore, Mother's first cross-assignment of error is overruled.

{¶ 40} Mother's Cross-Assignment of Error No. 2:

{¶ 41} THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO FIND DEFENDANT IN CONTEMPT FOR HIS FAILURE TO PAY UNCOVERED MEDICAL EXPENSES.

{¶ 42} In her second cross-assignment of error, Mother argues the trial court abused

its discretion by failing to find Father in contempt for his failure to pay uncovered medical expenses. In so doing, Mother cites testimony "concerning the reasonable nature and extent of the expenses, [Mother's] detailed testimony concerning the recurring email notice, deemed admission number 9, and the Court's acceptance of the justifiably-delayed filing."

{¶ 43} Contrary to Mother's argument otherwise, we agree with the trial court that the separation agreement included a detailed procedure for obtaining reimbursement of uncovered medical expenses. For reasons addressed above, "deemed admission 9" was insufficient to establish that Mother was entitled to the additional uncovered medical expenses. Furthermore, we agree with the trial court that there is limited evidence to support her claims that she complied with the billing requirements. As Father presented evidence to the contrary, we defer to the credibility determinations made by the trial court. *See Conrad v. City of Oxford*, 12th Dist. Butler Nos. CA2016-05-103 and CA2016-06-104, 2017-Ohio-9089, 20 ("An appeals court is not a finder of fact"). Therefore, we find Mother's second cross-assignment of error is without merit and is hereby overruled.

{¶ 44} Mother's Cross-Assignment of Error No. 3:

{¶ 45} THE TRIAL COURT'S TRIVIAL AWARD OF ATTORNEY FEES IS UNREASONABLE, ARBITRARY AND UNCONSCIONABLE AND AMOUNTS TO AN ABUSE OF DISCRETION.

{¶ 46} In her third cross-assignment of error, Mother argues the trial court abused its discretion by awarding only $797.50 in attorney fees when she actually incurred $9,192.88 in attorney fees and costs.

{¶ 47} An award of attorney fees is within the sound discretion of the trial court. *Reynolds-Cornett v. Reynolds*, 12th Dist. Butler No. CA2013-09-175, 2014-Ohio-2893, ¶ 28. A trial court's decision to award attorney fees will be reversed only if it amounts to an abuse of discretion. *Id.*

{¶ 48} Pursuant to R.C. 3105.73(B), "[i]n any post-decree motion or proceeding that arises out of an action for * * * dissolution * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." In determining whether an award is equitable, the court may consider "the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B); *Tedrick v. Tedrick*, 12th Dist. Clermont No. CA2015-07-065, 2016-Ohio-1488, ¶ 32.

{¶ 49} In the present case, the trial court specifically addressed each finding of contempt and issued attorney fees substantiated on each finding. We have thoroughly reviewed the record and find the trial court's decision was supported by the record and was not an abuse of discretion. Though Mother may have expended considerably more money on attorney fees than was awarded by the trial court, there were multiple issues that were litigated between the parties, only some of which Mother was able to successfully prove. The trial court's decision awarding attorney fees to Mother does not amount to an abuse of discretion. As a result, we overrule Mother's third cross-assignment of error.

{¶ 50} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.